The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, Arkansas 71751-8761
Dear Senator Jeffress:
I am writing in response to your request, on behalf of the Calhoun County Circuit and County Clerk, for an opinion on the following questions:
 Can an independent candidate run in the November General Election? If so, what are the filing requirements?
You have enclosed correspondence from the Circuit/County Clerk with your request indicating that your questions refer to a municipal election in a city with the mayor-council form of government. Specifically, the information from the clerk refers to A.C.A. § 14-42-206 and states that: "We have a resolution from the City of Hampton requesting to run in the Party Primary. ref14-42-206 (a)(1)." The correspondence also states that "We do not have an ordinance filed in the county clerk's office. ref. (e)(1)(a)."
RESPONSE
Assuming your question refers to a city with the mayor-council form of government that has passed a resolution to hold party primaries in municipal elections under A.C.A. § 14-42-206 (a)(1), but which has not passed an ordinance under A.C.A. §14-42-206(e)(1)(A) setting an earlier filing deadline for independent candidates, in my opinion the answer to your first question is "yes," an independent municipal candidate can run in the November general election under the circumstances you describe. In response to your second question, again, assuming the facts above, the filing requirements are set out in A.C.A. §14-42-206 (b) (Supp. 2005), and include filing a petition of nomination with the county clerk, signed by the requisite number of electors, not more than one-hundred and ten (110), nor less than ninety (90) days prior to the general election by 12:00 noon.
I will address your two questions together. The relevant statute for cities with the mayor-council form of government is A.C.A. §14-42-206. It governs the holding of municipal elections and includes the subsections (a)(1) and (e)(1)(A) referenced by the County/Circuit Clerk. Subsection (b) is the portion addressing independent candidates. It first addresses filing requirements for independent candidates for all offices except aldermen, then addresses the filing requirements of aldermen elected by ward, and then addresses at-large candidates for alderman. Because your question does not indicate any particular municipal office which is at issue, it is necessary to set out the applicable provisions of the statute at some length:
 14-42-206. Municipal primary elections — Nominating petitions.
 (a)(1) The city or town council of any city or town with the mayor-council form of government, by resolution passed before January 1 of the year of the election, may request the county party committees of recognized political parties under the laws of the state to conduct party primaries for municipal offices for the forthcoming year.
 (2) The resolution shall remain in effect for the subsequent elections unless revoked by the city or town council.
 (3) When the resolution has been adopted, the clerk or recorder shall mail a certified copy of the resolution to the chairs of the county party committees and to the chairs of the state party committees.
 (4) Candidates nominated for municipal office by political primaries under this section shall be certified by the county party committees to the county board of election commissioners and shall be placed on the ballot at the general election.
 (b)(1) Any person desiring to become an independent candidate for municipal office in cities and towns with the mayor-council form of government shall file not more than one hundred ten (110) nor less than ninety (90) days prior to the general election by 12:00 noon with the county clerk the petition of nomination in substantially the following forms:
 (A) For all candidates except aldermen in cities of the first class and cities of the second class:
"PETITION OF NOMINATION
 We, the undersigned qualified electors of the city (town) of __________, Arkansas, being in number not less than ten (10) for incorporated towns and cities of the second (2nd) class, and not less than thirty (30) for cities of the first (1st) class, do hereby petition that the name of __________ be placed on the ballot for the office of __________ at the next election of municipal officials in 20__.
 Printed Signature Street Address Date of Date of Name Birth Signing
 (B) For candidates for alderman elected by ward in cities of the first class and cities of the second class, the nominating petitions shall be signed only by qualified electors of the ward in the following manner:
"PETITION OF NOMINATION
 We, the undersigned qualified electors of Ward _____ of the city of ___________, Arkansas, being in number not less than ten (10) for incorporated towns and cities of the second (2nd) class, and not less than thirty (30) for cities of the first (1st) class, do hereby petition that the name of ___________ be placed on the ballot for the office of Alderman, Ward _____, position __________, of the next election of municipal officials in 20__.
 Printed Signature Street Address Date of Date of Name Birth Signing
 (C) For at-large candidates for alderman of a ward in cities of the first class and cities of the second class, the nominating petitions shall be signed by any qualified elector of the city in the following manner:
"PETITION OF NOMINATION
 We, the undersigned qualified electors of the city of __________, Arkansas, being in number not less than ten (10) for incorporated towns and cities of the second (2nd) class, and not less than thirty (30) for cities of the first (1st) class, do hereby petition that the name of __________ be placed on the ballot for the office of Alderman, Ward _____, position __________, of the next election of municipal officials in 20__.
 Printed Signature Street Address Date of Date of Name Birth Signing
 (2) The county clerk shall determine whether the petition contains a sufficient number of qualified electors.
 (3) Independent candidates for municipal office shall file a political practices pledge no later than sixty (60) days prior to the date of the general election by 12:00 noon.
* * *
 (e)(1)(A) The governing body of any city of the first class, city of the second class, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county clerk:
 (i) No earlier than twenty (20) days prior to the preferential primary election; and
 (ii) No later than noon on the day before the preferential primary election.
 (B) The governing body may establish this filing deadline for municipal offices even if the municipal offices are all independent or otherwise nonpartisan.
 (2)(A) The ordinance shall be enacted no later than ninety (90) days prior to the filing deadline.
 (B) The ordinance shall be published at least one (1) time a week for two (2) consecutive weeks immediately following adoption of the ordinance in a newspaper having a general circulation in the city.
(Emphasis added).
The lengthy legislative history of this provision, including subsection (e) above, is traced in Op. Att'y Gen. 2002-062. It was concluded in Opinion 2002-062 that language similar to that in subsection (e)(1)(A) was "passed to give cities the opportunity to bring the independent candidate filing deadline more in line with the deadline for candidates seeking nomination by a political party." Id. at 3.
The Calhoun County Circuit and County Clerk, in the correspondence attached to your request, first references a resolution from the City of Hampton under subsection (a)(1) above, requesting the political parties to conduct party primaries for municipal offices. She indicates that such a resolution exists in the City of Hampton under (a)(1) above. Presumably, primaries were held in accordance with that provision. She also states, however, that "We do not have an ordinance filed in the county clerk's office. ref (e)(1)(a)." Again, subsection (e)(1)(A) allows cities to pass ordinances requiring an earlier filing deadline for independent candidates. I am uncertain how to interpret the clerk's statement in this regard. I should note as an initial matter that there is no requirement in A.C.A. § 14-42-206(e)(1)(A) that the ordinance establishing the earlier filing deadline be "filed in the county clerk's office." Although it is somewhat unclear, therefore, this statement may indicate that the City of Hampton has not passed an ordinance under subsection (e)(1)(A) establishing an earlier filing deadline for independent candidates. If this is the case, in my opinion independent candidates are nonetheless authorized to run for municipal office. The applicable filing deadline and other filing requirements for independent candidates in cities with the mayor-council form of government are set out in subsection (b) above.[1] That subsection requires a nominating petition signed by the requisite number of electors, filed with the clerk not more than one-hundred and ten (110) nor less than ninety (90) days prior to the general election by 12:00 noon. It also requires the filing of a political practices pledge no later than sixty days prior to the general election by 12:00 noon. See A.C.A. § 14-42-206(b)(3).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] For the applicable filing deadline in other cities, see
A.C.A. § 7-7-103(c) (Supp. 2005). See also, Op. Att'y Gen.1997-044.